UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
REGINALD SIMMS,

                           Plaintiff,

-against-

THE CITY OF NEW YORK,
JOHN DOE and JANE DOE,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiffs,

                           Defendants.
-----------------------------------------------------------------X

Case No. CV-10-3420

**AMENDED COMPLAINT**

JURY DEMAND

Plaintiff, REGINALD SIMMS, by his attorney, The Law Offices of Osondu Anyadike, Esq., complaining of the defendants herein, The City of New York, John Doe and Jane Doe, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

### JURISDICTION

2. The jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331 and 28 U.S.C. Section 1367, and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants John Doe and Jane Doe (hereinafter "defendant officers") were, upon information and belief, and still are, agents and or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing defendants John Doe and Jane Doe in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about January 22, 2007, at approximately 2:00 p.m., as plaintiff was on his way to a corner store at or within the vicinity of 227 Troy Avenue, Brooklyn, defendant officers, acting in concert, arrested plaintiff without cause and charged plaintiff with PL 140.25 'Burglary in the second degree', among other charges.

10. Plaintiff, however, was not in any building at the time but was merely walking to the store at all relevant times.

11. Plaintiff even called one of his friends who resided at 227 Troy Avenue, Brooklyn at the time.

12. Even though plaintiff's friend came to the location of the arrest and informed the defendant police officers that he and plaintiff were friends and that the plaintiff was visiting him at the time, the defendant police officers nonetheless arrested the plaintiff.

13. After falsely arresting the innocent, defendant officers informed the plaintiff that they were taking him to the precinct to run his name in their system, and then proceeded to take the innocent plaintiff to the NYPD-77th Precinct for arrest processing.

14. After a period of about 24 hours, plaintiff was transported to the Central Booking to await arraignment.

15. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

16. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff knowingly entered or remained unlawfully in a building with intent to commit a crime therein.

17. Based on the false testimony of the officers, a prosecution was commenced against plaintiff.

18. On or about January 24, 2007, plaintiff was arraigned before a Criminal Court Judge. The presiding judge set bail in the amount of $500.

19. Because plaintiff could not make bail, plaintiff was taken to Rikers Island Correctional Facility.

20. On or about July 27, 2007, the false charges filed against plaintiff were dismissed.

21. As a result of the aforesaid action by defendant police officers, plaintiff suffered emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

## FIRST CAUSE OF ACTION: FALSE ARREST AND MALICIOUS PROSECUTION

22. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 21 of this complaint as though fully set forth herein.

23. The conduct of defendant officers, as described herein, amounted to false arrest and malicious prosecution.

24. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

25. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS: FAILURE TO TRAIN AND MUNICIPAL POLICY

26. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27. Defendant City of New York, acting through the New York Police Department, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest.

28. Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or

condone perjury and or assist in the prosecution of innocent persons and the duty and or obligation of candor toward the court.

29. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

30. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

31. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

32. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

33. The custom or practice of defendant City of New York of failing to properly train and/or supervise its Police Officers on the proper police conduct regarding arrest, detention and prosecution of suspects, enabled officers

Mathew Granahan, Louis Marino, Ravni Novryin, John Doe and Jane Doe of the same 77th Police Precinct as in the instant case, to without probable cause, target and again arrest the instant plaintiff at his home on or about November 8, 2007, strip search his body intrusively, fabricate evidence on which they falsely imprisoned and maliciously prosecuted and incarcerated him for a period of nearly one year, leading up to the dismissal of all the charges against him by Tomei, J., of the New York Supreme Court in about October 14, 2008, on grounds including that defendant City of New York Police Officers who were involved in the case were 'not credible,' and that their 'testimony is obviously fabricated…to avoid any constitutional objections the (plaintiff) may have'.

34. The constitutional violations alleged in paragraph 33 herein are now the subject of another Civil Rights Complaint in this court filed by plaintiff against defendant City of New York and its Police officers, Case No. Cv-10-3718.

35. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process and the right to due process.

36. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 11 & 12

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

38. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

39. In addition, defendant police officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

40. Defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant police officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant police officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 11 & 12 of the New York Constitution.

41. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
October 05, 2010.

_____
Osondu Anyadike (OA-0006)
Attorney for the Plaintiff
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(347) 543-1626

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

Reginald Simms

        v.

The City of New York, et al.

Case #: 10 CV 3420

Plaintiff

Defendants

---

### AMENEDED COMPLAINT

---

LAW OFFICES OF OSONDU ANYADIKE
Attorney for Plaintiff
303 Livingston Street, 2nd Flr
Brooklyn, New York, NY 11217
Tel: 347-543-1626; Fax: 718-858-2489
Email: oodyke@yahoo.com

---

To:
Defendants Attorney:

    Corporation Counsel
    CNY Law Department
    100 Church Street, NY 10007

---

Service of a copy of the within- named is hereby admitted

Dated:

Attorneys for: