UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
REGINALD SIMMS,

        Plaintiff,                                REPORT AND
                                                  RECOMMENDATION
    -against-
                                                  10 CV 3420 (NGG) (RML)

THE CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated September 24, 2010, the Honorable Nicholas G. Garaufis, United States District Judge, referred defendants' motion to dismiss to me for a report and recommendation. After plaintiff amended his complaint and the parties completed briefing on defendants' motion, I heard oral argument on March 2, 2011. For the reasons stated below, I respectfully recommend that the motion be granted.

## BACKGROUND AND FACTS

        On July 26, 2010, plaintiff Reginald Simms ("plaintiff" or "Simms") commenced this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations stemming from his January 2007 arrest and subsequent prosecution. Plaintiff amended his complaint in October 2010. (See Amended Complaint, dated Oct. 5, 2010 ("Am. Compl.").) Plaintiff contends that on January 22, 2007 at approximately 2:00 p.m., he was walking to a corner store in Brooklyn, New York, when police officers suddenly arrested him without cause and charged him with burglary in the second degree. (Id. ¶ 9.) Plaintiff claims that the officers arrested him even though his friend, who lived in the nearby burglarized building at 227 Troy Avenue, told the arresting officers that plaintiff had been visiting him. (Id. ¶ 11.) Plaintiff further alleges that after his

arrest, he was taken to the 77th Precinct for processing, and then to central booking to await arraignment. According to plaintiff, the officers "falsely stated" to the prosecutors that plaintiff had knowingly entered the building with intent to commit a crime, and on this basis, prosecution commenced. (Id. ¶¶ 16-17.) On July 27, 2007, the charges against plaintiff were dismissed. (Id. ¶ 20.)

Plaintiff states that he is no longer pursuing claims for false arrest and malicious prosecution against the individual officers, named in his amended complaint as John Doe and Jane Doe. (See Transcript of Oral Argument, dated Mar. 2, 2011, at 3–5.) Thus, plaintiff's only purported cause of action[1] is a Monell claim against the City of New York (the "City") for allegedly having "actual and or defacto [sic] policies, practices, customs and or usages of failing to properly train, supervise or discipline" its employees. (Am. Compl. ¶¶ 27, 28.)

## DISCUSSION

A. Standard for Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all the facts alleged in the complaint and must liberally construe the complaint in the light most favorable to the plaintiff. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "When there are well-pleaded factual allegations, a court should assume their veracity

---

[1] The Amended Complaint also purports to bring a state law claim for violation of the New York Constitution. (See Am. Compl. ¶¶ 37–40.) As the City correctly notes, plaintiff's state-law claim is time-barred because he did not file a Notice of Claim and serve and file his complaint within one year and ninety days of the incident, as required under New York law. See N.Y. Gen. Mun. L. § 50-I. Plaintiff does not dispute this assertion and appears to have abandoned his state-law cause of action. (See generally Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss the Complaint, dated Dec. 17, 2010 ("Pl.'s Mem.") (making no mention of the state-law claim).)

and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). A complaint should be dismissed only if it fails to set forth sufficient allegations of fact to state a claim for relief that is "plausible on its face." Id. at 1949; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facts that assert merely conceivable conclusions will not survive a motion to dismiss. See Twombly, 550 U.S. at 570. Moreover, "'[l]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly,550 U.S. at 555). Rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Assessing a complaint's plausibility "is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 1940.

  B. Plaintiff's Monell Claim Against the City of New York

  Because municipalities may not be held vicariously liable for the actions of their employees, a claim against a municipality must be premised on the theory that the municipality maintained a policy, practice, or custom that caused the plaintiff's constitutional injury. See Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385 (1989). The plaintiff must allege a "'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Abreu v. City of New York, 657 F. Supp. 2d 357, 360 (E.D.N.Y. 2009) (quoting Harris, 489 U.S. at 385). "[A] plaintiff may establish this required causal link by showing that a defendant was deliberately indifferent to the training, supervision, or discipline of its employees." Id. (citing Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 127-30 (2d Cir. 2004)); see also Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007) ("[T]he inadequacy of police training may serve as the

basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." (citing Harris, 489 U.S. at 388)).

In the context of a motion to dismiss, "[t]o allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." Missel v. County of Monroe, No. 09-CV-0235, 2009 WL 3617787, at *1 (2d Cir. Nov. 4, 2009) (citing Vives v. City of New York, 524 F.3d 346, 350 (2d Cir. 2008)); see also Iqbal, 129 S. Ct. at 1951; Twombly, 550 U.S. at 555. Mere "boilerplate" assertions that a municipality has such a custom or policy, which resulted in a deprivation of the plaintiff's rights, do not rise to the level of plausibility. See Araujo v. City of New York, No. 08-CV-3715, 2010 WL 1049583, at *9 (E.D.N.Y. Mar. 19, 2010); Santiago v. City of New York, No. 09 CIV 0856, 2009 WL 2734667, at *3 (E.D.N.Y. Aug. 25, 2009).

Here, plaintiff's amended complaint contains only a conclusory allegation that the City had "actual and or defacto [sic] policies, practices, customs and or usages of failing to properly train, supervise or discipline" its police officers and prosecutors, which were the "direct and proximate cause of plaintiff's injuries[.]" (Am. Compl. ¶¶ 27–29.) "In this regard, [plaintiff's] complaint succinctly states one of the core legal concepts animating Monell liability. But it does absolutely nothing else." Abreu, 657 F. Supp. 2d at 360-61. Plaintiff alleges no facts to indicate any deliberate decision by municipal policymakers to engage in unconstitutional conduct. Moreover, plaintiff's allegation that the officers and prosecutors acted pursuant to "actual and or defacto [sic] policies, practices, customs and or usages" (Compl. ¶ 27), without

any facts suggesting the existence of the same, are plainly insufficient to state a § 1983 claim against the City. See Abreu, 657 F. Supp. 2d at 360-61; see also Bradley v. City of New York, No. 08-CV-1106, 2009 WL 1703237, at *3 (E.D.N.Y. June 18, 2009) (Garaufis, J.) (dismissing municipal liability claim where the "[c]omplaint's conclusory, boilerplate language—that the City 'fail[ed] to adequately train, discipline, and supervise' employees and 'fail[e]d to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior' of its employees"—[was] insufficient to raise an inference of the existence of a custom or policy).

. To support his claim of a pervasive pattern of constitutionally offensive conduct, Simms cites the "anecdotal evidence of repeated, widespread falsification by arresting officers" allegedly identified by the Honorable Jack B. Weinstein in Colon v. City of New York, Nos. 09-CV-8, 09-CV-9, 2009 WL 4263362 (E.D.N.Y. Nov. 25, 2009). (See Am. Compl. ¶ 32.) However, upon reading the actual decision, it is clear that Judge Weinstein did not find that there exists a pervasive pattern of false arrests and malicious prosecutions in New York City, but rather that the plaintiffs' allegations in that case crossed "the line from conceivable to plausible" to state a viable claim under § 1983. Colon, 2009 WL 4263362, at *2. The plaintiffs' allegations were significantly more detailed than those made by Simms, and were aimed specifically at the falsification of evidence against minorities on the pretext of drug transactions. Id. at *1. Unlike the plaintiffs in Colon, Simms does not allege that any officers falsified evidence against him. He contends merely that the officers lacked probable cause to effect the arrest, and he points to no specific defect in the training of New York City police officers or prosecutors that would cause them to regularly make arrests or maliciously prosecute individuals

without probable cause.  See Jenkins, 478 F.3d at 94-95 (holding that plaintiff did not make out a failure-to-train claim where the plaintiff failed to identify "a specific deficiency in the training program that accounts for his unlawful arrest" and explaining that the mere fact of a false arrest, "without more," did not show that the City's training program was inadequate.)  Therefore, his reliance on Colon is misplaced.[2]

Plaintiff's citation to Kimbrough v. Town of Dewitt Police Dep't, No. 08 CV 3, 2010 WL 3724121 (N.D.N.Y. Mar. 8, 2010), report and rec. adopted, 2010 WL 3724017 (N.D.N.Y. Sept. 15, 2010), is also unavailing.  In that case, the court found that the plaintiff had stated a "plausible" claim of municipal liability, despite his failure to identify "a policy or custom pursuant to which Defendants acted."  Id. at *11.  However, as the City notes, Kimbrough involved a pro se plaintiff; accordingly, the court applied a more liberal standard in construing his complaint.  See id. at *2 (citing Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (explaining that pro se complaints must be held to "less stringent standards than formal pleadings drafted by lawyers."); Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (stating that pro se complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest arguments that they suggest.") (quotation and citation omitted).  Simms has not appeared pro se in this case.

Finally, plaintiff alleges that officers from the same precinct falsely arrested him a second time, in November 2007, and that those charges were also dismissed.  (Am. Compl. ¶ 33.)  Plaintiff therefore has done "more than plead a single instance of misconduct."  Simpkins v.

---

[2] Moreover, plaintiff's bare allegation that in January 2006, a year before his arrest, a deputy police commissioner was quoted as saying that "police commanders are permitted to set 'productivity goals'" (Am. Compl. ¶ 31) is insufficient to meet minimal pleading requirements.

Bellevue Hosp., 832 F. Supp. 69, 74 (S.D.N.Y. 1993); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985). Nonetheless, those two alleged instances of wrongdoing do not constitute sufficient allegations of fact to show a deliberate, systemic pattern or policy of inadequate training, discipline, and supervision. See, e.g., Giaccio v. City of New York, 308 Fed. Appx. 470, 471-72 (2d Cir. 2009) (identification of "at most, only four examples of [alleged practice] . . . falls far short of establishing a practice that is so 'persistent or widespread' as to justify the imposition of municipal liability") (citation omitted).

In sum, plaintiff does not allege facts sufficient to support his claim of municipal liability. I therefore respectfully recommend that his amended complaint be dismissed.

## CONCLUSION

For the reasons stated above, I respectfully recommend that defendants' motion to dismiss the complaint be granted. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Garaufis and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
May 19, 2011