UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
REGINALD SIMMS,

        Plaintiff,                        MEMORANDUM
                                                AND ORDER
   -against-

                                                10 CV 3420 (NGG) (RML)

THE CITY OF NEW YORK, et al.,

        Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        On May 19, 2011, I issued a Report and Recommendation (the "R&R") in which I respectfully recommended that defendants' motion to dismiss plaintiff's complaint be granted due to plaintiff's failure to adequately plead a Monell claim against the City of New York for malicious prosecution. In addition to filing objections, plaintiff has moved for reconsideration of the R&R.

        Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that such a motion shall "set forth the matters or controlling decisions which counsel believes the court has overlooked." The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. At the same time, the movant may not assert new arguments or claims that were not before the court on the original motion. See Cohen v. Federal Express Corp., No. 07 Civ. 1288, 2007 WL 1573918, at *4 (S.D.N.Y. May 24,

2007) ("The law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on the original motion.") (internal quotation marks omitted); Levin v. Gallery 63 Antiques Corp., No. 04 Civ. 1504, 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("It is clear that the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake. Motions for reconsideration allow the district court to correct its own mistakes, not those of the Parties.") (internal quotation marks and citations omitted); Koehler v. The Bank of Bermuda Ltd., No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) ("It is implicit in [the] language [of Rule 6.3] that a motion for *reconsideration* cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been *considered*.") (emphasis in original). In other words, the movant "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [Local Rule 6.3] to advance new facts and theories in response to the court's rulings." Lawson v. New York City Bd. of Educ., No. 05 Civ. 825, 2011 WL 873146, at *1 (S.D.N.Y. Mar. 11, 2011). Rather, the purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Id. (citations omitted).

        In addition, under Rule 60(b) of the Federal Rules of Civil Procedure, the court may grant relief from an order where there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied or otherwise

discharged; or (6) for any other reason that justifies relief. Relief under Rule 60(b) is "extraordinary" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994).

Here, plaintiff does not claim that the court overlooked any controlling factual or legal matters that were put before it in the briefs or at oral argument on defendants' motion. Nor does plaintiff establish a basis to grant relief under Rule 60(b).

In the R&R, I found that plaintiff's boilerplate allegation of a policy, practice or custom of failing to properly train, supervise and discipline New York City police officers and prosecutors did not meet the fair-notice pleading standard set forth in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In addition to repeating some of the cites included in his original opposition brief (most of which pre-date Twombly and Iqbal and all of which the court considered), plaintiff now cites a number of district court decisions to which he did not refer previously. Obviously, the court could not have "overlooked" cases that plaintiff did not bring to its attention.[1] Moreover, nearly all of the new citations are to unpublished decisions, which are not binding precedent.[2] In sum, having reviewed plaintiff's

---

[1] Indeed, one of the cases plaintiff now cites, Ferrari v. County of Suffolk, 10 Civ. 4218, 2011 WL 2297125 (E.D.N.Y. June 7, 2011), post-dates the R&R.

[2] I am aware that at least one judge in this district has explicitly continued to apply a lenient pleading standard to Monell claims post-Iqbal and Twombly. See, e.g., Ferrari, 2011 WL 2297125; Michael v. County of Nassau, 09 Civ. 5200, 2010 WL 3237143, at *4 n.2 (E.D.N.Y. Aug. 11, 2010). For the reasons stated in the R&R, I respectfully disagree with that approach as against the weight of authority.

motion for reconsideration throughly, I find no basis for granting it.[3]

## CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      September 14, 2011

/s/
ROBERT M. LEVY
United States Magistrate Judge

---

[3] Plaintiff also contends, for the first time, that "there is no known report of any burglarized building or burglary committed by any individual on January 22, 2007." (Pl.'s Memorandum of Law, dated July 25, 2011, at 4.) This allegation does not appear in plaintiff's complaint, but regardless, since plaintiff has withdrawn his false-arrest claim, the underlying circumstances of his arrest are not at issue. Plaintiff also now raises an equitable estoppel argument that he did not assert previously and, at any rate, lacks merit.