FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 2 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

REGINALD SIMMS,

                Plaintiff,

     -against-

THE CITY OF NEW YORK, JOHN DOE
and JANE DOE, the names of the last defendants
being fictitious, the true names of the defendants
being unknown to the plaintiffs,

                Defendants.

-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**10-CV-3420 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Reginald Simms ("Simms") objects to the entirety of the Report and

Recommendation ("R&R") (Docket Entry # 13) of Magistrate Judge Robert Levy recommending

that his complaint against the City of New York ("City") be dismissed for failure to state a claim

upon which relief can be granted.[1] (Docket Entry # 16.) For the following reasons, the court

agrees with Judge Levy that Simms's complaint fails to allege a plausible claim for relief under

42 U.S.C. § 1983, and grants the City's motion to dismiss (Docket Entry # 6) with respect to that

claim. That done, the court declines to continue to exercise supplemental jurisdiction over

Simms's remaining state-law claims, which are dismissed without prejudice.

I.      **BACKGROUND**

On October 14, 2010, Simms filed an amended complaint ("Complaint") raising claims

against the City under 42 U.S.C. § 1983 and several provisions of the New York State

---

[1] In oral argument before Judge Levy, Simms withdrew his claims against the other named
defendants, unknown police officers referred to as John Doe and Jane Doe. (See Tr. of Oral Argument
(Docket Entry # 12) at 3-5.)

Constitution. (Docket Entry # 4.) He alleges that certain acts by the New York City Police

Department and the Kings County District Attorney's Office ("D.A.'s Office") violated a number

of his individual rights secured by the United States and New York constitutions. Specifically,

Simms alleges that he was maliciously prosecuted for a burglary he did not commit.[2] (Am.

Compl. ¶ 23.) He asserts that he was arrested by the police in Brooklyn without probable cause;

that the police lied to the D.A.'s Office about the circumstances surrounding his arrest; and that,

based on this information, the D.A's Office went forward with a prosecution before eventually

dropping the case in July 2007. (Am. Compl. ¶¶ 9, 10, 12, 16, 17, 20.) Simms alleges that this

malicious prosecution resulted from the City's failure to properly train its police officers and

prosecutors, and that such failure is endemic. (Am. Compl. ¶¶ 27-33.) Simms claims that he

was harmed in various ways by the ordeal and seeks relief in the form of compensatory and

punitive damages. (Am. Compl. ¶¶ 21, 41.)

The City moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure on November 24, 2010, and court referred the motion to Judge Levy for a

report and recommendation. (See Docket Entry of Sept. 23, 2010.) On May 19, 2011, Judge

Levy submitted to the court his recommendation that the City's motion be granted, and this

objection followed.

---

[2] The Complaint also alleges that Simms was falsely arrested, but Simms conceded at oral
argument before Judge Levy that this claim is time-barred by the applicable statute of limitations. (See
Tr. of Oral Argument at 4.)

2

## II.   DISCUSSION

Where, as here, a party objects to the entirety of a magistrate judge's report and recommendation, the court reviews the report de novo.  See 28 U.S.C. § 636(b)(1)(C). Accordingly, the court now examines the Complaint to determine if it states a claim upon which relief can be granted.

A plaintiff can only obtain relief for claims that are properly pled.  For a claim to meet the minimum pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, it must contain more than a mere recitation of the elements of a cause of action or series of legal conclusions.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  The complaint instead must provide enough factual content that, when taken as true, would allow a court to draw a "reasonable inference" that the plaintiff is entitled to relief.  Id. at 1949.  This means that a claim for relief must be plausible; it must raise more than "the mere possibility of misconduct" by a defendant.  Id. at 1949-50.

Assuming that all of the facts asserted by Simms are true and construing the Complaint in the light most favorable to him, see In re Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007), the court nevertheless determines that Simms has failed to allege a plausible § 1983 claim against the City.

To begin with, the constitutional injury Simms alleges—malicious prosecution—relates only to his treatment by the police and not to that by the D.A.'s Office.  To establish a § 1983 claim for malicious prosecution, a plaintiff must show a violation of his fourth-amendment rights and all of the elements that make up a malicious prosecution claim under relevant state law. Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010).  In New York, these

3

elements are: (1) initiation or continuation of a criminal proceeding against the plaintiff; (2)

termination of that proceeding in the plaintiff's favor; (3) lack of probable cause for commencing

the proceeding; and (4) actual malice as motivation for the prosecution. Id. at 161 (citing

Broughton v. State, 37 N.Y.2d 451, 457 (1975)). At the pleading stage, actual malice may be

inferred from a lack of probable cause. Cf. Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 131

(2d Cir. 1997) ("[L]ack of probable cause generally raises an inference of malice sufficient to

withstand summary judgment."). While it is clear that Simms asserts facts that, if true, would

establish or give rise to a reasonable inference that the elements of the state tort were met as to

the arresting officers, he does not adequately plead that the D.A.'s Office lacked probable cause

to initiate a prosecution. On the contrary, by asserting that the arresting officers "falsely stated to

prosecutors . . . that plaintiff knowingly entered or remained unlawfully in a building with intent

to commit a crime therein" (Am. Compl. ¶ 16), the Complaint gives rise to precisely the opposite

inference. While it is possible that the prosecutors knew or suspected that the police were lying

to them, without more asserted facts, such a scenario is not plausible.

This distinction—between the alleged culpability of the D.A.'s Office and that of the

police—matters because, as is well known, the City cannot be held vicariously liable under §

1983 for constitutional torts committed solely by its employees. Monell v. New York Dep't of

Soc. Servs., 436 U.S. 658, 694 (1978). Rather, the City is only liable for wrongs for which it is

itself responsible; that is, for those torts caused by official government policy, custom, or

practice. Id.; see also DeCarlo v. Fry, 141 F.3d 56, 61-62 (2d Cir. 1997). As Simms only

sufficiently pleads an injury inflicted by police officers, his § 1983 claim turns exclusively on the

City's policies and customs concerning the police department and not on those related to local

4

prosecutors.

Simms alleges that he was victimized as a result of the City's failure to properly train its police officers and its deliberate indifference to the consequences of such failure. (Am. Compl. ¶¶ 27, 29) A municipality's failure to properly train its employees can under certain circumstances give rise to Monell liability, see City of Canton v. Harris, 489 U.S. 378, 387-90 (1989), but a claim based on this theory still must be properly pled under Iqbal.[3] Here, there is not enough factual material in the Complaint for the court to reasonably infer that the police

---

[3] In his objection to the R&R, Simms relies on language in the Second Circuit's decision in Amnesty America v. Town of West Hartford that suggests that conclusory allegations about a municipality's failure to train its employees may be sufficient because "it is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage." (Pl's Objection to R&R at 9 (quoting Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 130 n.10 (2d Cir. 2004)) (internal quotation marks omitted).) The court notes that Amnesty was decided before Iqbal and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which substantially reworked the federal pleading standards. Since those decisions, courts in this district have generally required that plaintiffs provide more than a simple recitation of their theory of liability, even if that theory is based on a failure to train. See Araujo v. City of New York, No. 08-CV-3715 (KAM), 2010 U.S. Dist. LEXIS 26082, at *28 (E.D.N.Y. Mar. 19, 2010); Abreu v. City of New York, 657 F. Supp. 2d 357, 361 (E.D.N.Y. 2009); Bradley v. City of New York, No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *9-*10 (E.D.N.Y. June 18, 2009). But see Ferrari v. County of Suffolk, No. 10-CV-4218 (JS), 2011 U.S. Dist. LEXIS 61337, at *29-*30 (E.D.N.Y. June 7, 2011) (Seybert, J.) (citing Amnesty for the proposition that failure-to-train claims are afforded a lenient pleading standard and noting that Iqbal and Twombly are "context specific"); Michael v. County of Nassau, No. 09-CV-5200 (JS), 2010 U.S. Dist. LEXIS 82764, at *11 n.2 (E.D.N.Y. Aug. 11, 2010) (Seybert, J.) (same).

The Court declines to give Amnesty the broad reading that Simms urges. For one thing, Amnesty's discussion of pleading standards is dictum. The Second Circuit in that case reviewed a grant of summary judgment. For another, an interpretation of Amnesty that allows plaintiffs to plead only the bare elements of their cause of action simply cannot be squared with Iqbal and Twombly. It may well be that plaintiffs cannot be expected to know the details of a municipality's training program without discovery, see Amnesty, 361 F.3d at 130 n.10, but that does not relieve them from the obligation to plead facts sufficient for a court to reasonably infer that some type of municipal policy, practice, or custom—including deliberate indifference to the population's constitutional rights—caused an employee training program to be deficient. The court does not speculate about what types of facts could meet this standard, but, suffice it to say, allegations limited to one or two specific constitutional violations by individual officers—all that is asserted here, see infra—are not enough to give rise to such an inference.

misconduct Simms alleges was the result of anything other than the individual acts of the arresting officers.

Much of the portion of the Complaint that addresses the City's alleged failure to train its police officers is conclusory, and therefore must be disregarded. See Iqbal, 129 S. Ct. at 1949-50. Simms asserts that the City, "acting through the New York Police Department, had actual or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning the correct practices in conducting investigations . . . and [the] obligation to effect an arrest only when probable cause exists for such arrest" (Am. Compl. ¶ 27.) While this assertion does specify what type of training the officers lacked, it does not provide any facts that would allow the court to infer what city policies, practices, or customs contributed to or caused the deficiency. Simms's assertion that the failure was a product of the City's "deliberate indifference" (id. at ¶ 29) does not cure the problem because it is nothing but a pure legal conclusion. In sum, these passages contain little more than boilerplate, which the court cannot accept as true.

Thus, the court is left with a scant three factual assertions, which, when read together, do not amount to a plausible claim that any City policy, practice, or custom contributed to Simms's injury. First, Simms asserts that police commanders were allowed to set "productivity goals" for their subordinates. (Am. Compl. ¶ 31.) It is not reasonable, however, to equate "productivity goals"—whatever that open-ended concept may mean—with malicious prosecutions. Even less relevant is Simms's second assertion that another judge in this courthouse determined that certain allegations made in an unrelated consolidated action against the City were sufficient to survive a motion to dismiss. (See Am. Compl. ¶ 32 (citing Colon v. City of New York, Nos. 09-CV-8, 09-

6

CV-9 (JBW), 2009 U.S. Dist. LEXIS 1105020, at *5 (E.D.N.Y. Nov. 25, 2009).) Neither the

judge nor a jury found as a fact that the City employed harmful practices or policies. Instead, the

court merely ruled in that a cause action based on such a theory was properly pled. See Colon,

2009 U.S. Dist. LEXIS 1105020, at *5. Notably, the plaintiffs alleged different injuries than

Simms alleges, see id., at *2-*3, blamed different City policies, see id., and, presumably,

included more factual material in their complaints pertaining to the City's practices, customs, and

policies. Finally, Simms's assertion that he was falsely arrested a second time (Am. Compl. ¶¶

33-34) is not enough, even when paired with his allegations about the instant arrest, to create a

reasonable inference that the City failed to train its police officers. Rather, given the size of the

City's police force, the plausible explanation for these incidents is that Simms twice had the

misfortune of encountering unethical police officers.

Because Simms has not plausibly alleged that City was itself responsible for his injury,

his § 1983 claim is dismissed.

Simms's § 1983 claim against the City was the only federal claim remaining in this

action. Now that it has been dismissed, the court is left exclusively with Simms's state-law

claims. The Second Circuit has "generally held that where all federal claims have been

dismissed at a relatively early stage, the district court should decline to exercise supplemental

jurisdiction over pendent state law claims." Astra Media Group, LLC v. Clear Channel Taxi

Media, LLC, 414 F. App'x 334, 337 (2d Cir. 2011) (summary order) (citing Second Circuit

cases). It is early in this litigation and the court has dismissed all of Simms's federal claims. The

court therefore declines to continue to exercise supplemental jurisdiction over Simms's state-law

claims and dismisses them without prejudice.

7

**III.    CONCLUSION**

For the foregoing reasons, the City's motion to dismiss is GRANTED.  Simms's § 1983

claim is dismissed and his state-law claims are dismissed without prejudice to re-file in state

court.

SO ORDERED.


s/Nicholas G. Garaufis

Dated: Brooklyn, New York

September 27, 2011

NICHOLAS G. GARAUFIS
United States District Judge